UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| FAIRWAY INDEPENDENT MORTGAGE CORPORATION, a Texas corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BRIAN L. REYNOLDS, | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Fairway Independent Mortgage Corporation ("Fairway" or "Corporation"), for its complaint against defendant Brian L. Reynolds, alleges as follows:

1. This is an action for injunctive relief and monetary damages against Reynolds, a former senior executive of Fairway who misled Fairway upon his departure in February 2020 and intentionally breached his Shareholder Agreement after receiving approximately $250,000 from Fairway in repurchase of his shares of stock in Fairway.

2. Reynolds went to work for a direct competitor of Fairway and has directly or indirectly solicited Fairway employees in violation of his obligations in the Shareholder Agreement.

**Parties**

3. Plaintiff Fairway is a Texas corporation with its principal place of business in Madison, Wisconsin.

4. Defendant Reynolds was a Regional Senior Vice President of Fairway from December 2013 until February 2020, and, on information and belief, resides in Oregon.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. With respect to the amount in controversy, Fairway recently paid Reynolds over $253,000 pursuant to the Shareholders Agreement but Reynolds has violated and is violating the Shareholders Agreement.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because the parties agreed to venue in this county in the Shareholders Agreement and a substantial part of the events or actions giving rise to Fairway's claims occurred in this district.

**Facts**

7. Fairway is a privately held residential mortgage corporation with branches in 49 of 50 states. Fairway's corporate headquarters are in Madison, Wisconsin.

8. Reynolds worked as the Senior Vice President of Sales and Recruiting and Producing Branch Manager of Fairway in the Northwest region from December 2013 to February 2020. Reynolds was responsible for and compensated based on mortgage loan origination and was also responsible for supervising Fairway's Lake Oswego and Portland, Oregon branch and the loan officers associated with that branch at multiple locations. On or about January 16, 2020, Reynolds and Fairway signed an employment agreement effective January 1, 2020. That employment agreement did not contain any restrictive covenants.

9. In 2017, Fairway offered certain senior employees the opportunity to purchase shares of Fairway stock pursuant to the Amended and Restated Shareholders Agreement (Ex. A hereto). Purchasing stock was not a condition of employment and Reynolds voluntarily accepted this offer and purchased shares of Fairway stock.

10. The Shareholders Agreement provides that transfers of shares are prohibited and that the Corporation has the option of purchasing the shares upon termination of employment.

11. In exchange for the opportunity to share in the profits of the Corporation, each shareholder agreed to various covenants in Article 7, including Confidentiality (Section 7.1), Covenant Not to Compete (Section 7.2), Non-Solicitation of Employees (Section 7.3) and Non-Solicitation of Customers/Vendors (Section 7.4).

12. In particular, each shareholder, including Reynolds, agreed that during the period of employment with Fairway and for a period of two years after the later of the end of employment or the date the shareholder ceases being a shareholder, the shareholder would refrain from competing with Fairy (Section 7.2), and "not to directly or indirectly, individually or in concert with others, induce or influence, or seek to induce or employed or engaged by the Corporation as an employee, agent, independent contractor or otherwise, to leave the employ or engagement of the Corporation or any successor or assign thereof, or to hire any such persons." (Section 7.3)

13. At the time of Reynolds' resignation from the employment of Fairway in February 2020, Reynolds asserted that he planned to take substantial time off and had no new employment plans.

14. In or about March 2020, Fairway paid Reynolds over $253,000 for his shares of Fairway stock. Reynolds had paid less than $150,000 for such shares and thus reaped substantial benefits.

15. Commencing on or about April 2, 2020, and continuing daily thereafter, Fairway loan officers began receiving solicitations from a recruiter at CMG Financial, a residential mortgage lender that competes directly with Fairway, particularly in the Northwest. Specifically, the CMG recruiter represented that CMG had recently hired Brian Reynolds as its Senior Vice President as part of his effort to solicit and recruit loan officers of Fairway to go work for CMG.

16. On or about April 4, 2020, Fairway sent written notice to Reynolds demanding that he cease and desist from violating his covenants, including but not limited to his covenant not to solicit, directly or indirectly, any Fairway employees.

17. Loan officers are key assets of retail mortgage companies, such as Fairway. Fairway relies upon its loan officer employees to both generate and initially process customers. Fairway invests significantly in each loan officer to train them on compliance obligations, loan programs and also to assist them with marketing and building relationships with referral sources such as realtors and builders.

## Count I – Breach of Contract

18. Fairway realleges the allegations in paragraph 1 through 17 as if fully set forth herein.

19. The Shareholder Agreement is a valid and enforceable agreement. Fairway has materially complied with its obligations under the Shareholder Agreement.

20. Reynolds has materially breached the Shareholder Agreement by, among other things, indirectly or directly soliciting Fairway's loan officer employees in violation of Section 7.3.

21. As a result of Reynolds' material breach, Fairway has suffered damages. Fairway reasonably relied upon Reynolds representations and covenants in paying Reynolds over $253,000 for shares of Fairway stock, resulting in a windfall to Reynolds to which he was not entitled as a result of his breach.

## Count II – Injunctive Relief

22. Fairway realleges the allegations in paragraph 1 through 17 as if fully set forth herein.

23. The Shareholder Agreement is a valid and enforceable agreement. Fairway has materially complied with its obligations under the Shareholder Agreement.

24. Reynolds has materially breached the Shareholder Agreement by, among other things, indirectly or directly soliciting Fairway's loan officer employees in violation of Section 7.3.

25. The Shareholder Agreement provides that a remedy for breach is injunctive relief. Ex. A, § 7.5(a).

26. Accordingly, Fairway requests injunctive relief requiring Reynolds to cease and desist from violating Section 7.3 and to refrain from any direct or indirect solicitation of Fairway employees, through CMG Financial or otherwise, until the two-year period set forth in the Shareholder Agreement expires. This relief is necessary and reasonable to protect Fairway's key assets.

27. Injunctive relief is necessary to afford Fairway full relief for Reynolds' intentional and knowing material breaches of his covenants and Fairway will suffer irreparable injury if injunctive relief is not afforded.

WHEREFORE, Fairway requests that the Court enter judgment in its favor on Counts One and Two of the Complaint, award it damages in an amount to be proven at

trial, injunctive relief, and attorneys' fees, interest and costs, pursuant to the Shareholder Agreement, and such further relief as may be appropriate.

Respectfully submitted,

| | |
|---|---|
| April 7, 2020 | /s/ Nancy A. Temple |
| | |
| Nancy A. Temple | One of the Attorneys for |
| Katten & Temple, LLP | Plaintiff Fairway Independent |
| 209 S. LaSalle St., Suite 950 | Mortgage Corporation |
| Chicago, IL 60604 | |
| (312) 663-4456 | |
| ntemple@kattentemple.com | |
| *Counsel for Plaintiff* | |